UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SUNFLOWERS CONVENIENCE
STORE, LLC and
TUNDE AZEEZ,

        Plaintiffs,

                      C.A. No. 11-577-ML

        v.

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

        Defendant.

In this action, Sunflowers Convenience store, LLC and its owner Tunde Azeez (together, "Sunflowers" or "Plaintiffs") seek judicial review of a decision by the United States Department of Agriculture, Food and Nutrition Service ("USDA" or "Defendant") permanently disqualifying Sunflowers from the Supplemental Nutrition Assistance Program ("SNAP"). The matter before the Court is Plaintiffs' motion to stay disqualification from the SNAP, pending disposition of the instant action. Following a chambers conference on January 27, 2012, at the request of the Court, both parties submitted memoranda in support of their respective positions. For the reasons stated herein, Plaintiffs' motion is denied.

<u>Background</u>

Sunflowers is a convenience store located in North Providence, Rhode Island, that had been authorized by USDA to participate in the SNAP. On two separate occasions in early 2011,

USDA undercover investigators aver that they were able to exchange SNAP benefits for cash. The "buying or selling of coupons, ATP cards or other benefit instruments for cash or consideration other than eligible food" is "trafficking," which is strictly prohibited under the SNAP. 7 C.F.R. § 271.2; 7 U.S.C. § 2021(b)(3)(B). The penalty for trafficking is permanent disqualification from the SNAP. 7 U.S.C. § 2021(b)(3)(B). Plaintiffs do not specifically confirm nor deny the trafficking allegations.

On August 16, 2011, USDA permanently disqualified Sunflowers from participating in the SNAP. After the USDA denied Sunflowers' administrative appeal, Sunflowers brought suit in this Court seeking judicial review of the disqualification decision. Sunflowers now requests a stay of its disqualification from participating in the SNAP pending a decision on the merits of this matter by this Court.

## Discussion

Under 7 U.S.C. § 2023(a)(17), a retail food store may seek a stay of an administrative decision under judicial review. Pursuant to § 2023(a)(17), an administrative action remains "in full force and effect" during judicial review

> unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

7 U.S.C. § 2023(a)(17). Section 2023(a)(18), however, provides:

> <u>Notwithstanding any other provision of this subsection,</u> any <u>permanent disqualification</u> of a retail food store . . . shall be effective from the date of receipt of the notice of disqualification. If the disqualification is reversed

>through administrative or judicial review, the Secretary shall not be liable
>for the value of any sales lost during the disqualification period.

7 U.S.C. § 2023(a)(18) (emphasis added); see also 7 C.F.R. § 279.7(d) (providing that "permanent disqualification actions . . . shall not be subject to . . . a stay of administrative action").

Plaintiffs argue that § 2023(a)(18) does not prohibit a stay and only sets the effective date of disqualification. Defendant contends that the plain meaning of the statute clearly expresses a Congressional mandate that permanent disqualification remain in effect unless and until reversed by the Court.

The Court agrees with Defendant that the plain language of the statute prohibits this Court from granting a stay. The statute expressly requires that the disqualification take effect upon the receipt of the notice of disqualification and remain in effect pending judicial review, thus forbidding the Court from granting a stay. See Ilaian v. United States Department of Agriculture, 87 F.Supp. 2d 1047, 1048 (S.D. Cal. 2000) (holding that "the plain language of 7 U.S.C. § 2023(a)(18) reflects that a stay is not available in cases of permanent disqualification for trafficking"); see also Ameira Corporation v. Veneman, 169 F.Supp. 2d 432 (M.D.N.C. 2001) (§ 2023(a)(18) does not allow a stay to be granted in cases of trafficking).

The Court recognizes that a court in another district has conducted a Chevron[1] analysis in construing 7 U.S.C. § 2023(a)(18) and 7 C.F.R. § 279.7(d) and has concluded that § 2023(a)(18) is ambiguous. Skyson USA, LLC v. United States, 651 F. Supp. 2d 1202 (D. Haw. 2009). As noted above, 7 C.F.R. 279.7(d) provides that "permanent disqualification actions . . . shall not be

---

[1] Chevron U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837 (1984).

3

subject to . . . a stay of administrative action." 7 C.F.R. § 279.7(d). In Skyson, the court held that § 2023(a)(18) was ambiguous but that 7 C.F.R. § 279.7(d) was "inherently reasonable given the context of the statute." Skyson, 651 F. Supp. 2d at 1209. As a result, the Skyson court concluded that it was prohibited from issuing a stay in a case of permanent disqualification. Id. at 1209-10. Consequently, even if this Court were to find that § 2023(a)(18) is ambiguous, it would agree with the Chevron analysis in Skyson and conclude that, based on 7 C.F.R. § 279.7(d), issuing a stay in a case of permanent disqualification is prohibited. Skyson, 651 F. Supp. 2d at 1209-10.

## Conclusion

Based on the foregoing, Plaintiffs' motion for a stay of the disqualification pending judicial review is denied.[2]


SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
April 24, 2012

---

[2] Plaintiffs also move, "in the alternative, [for] injunctive relief to prevent irreparable harm." Plaintiffs' Motion for Stay at 1; Docket #2. The Court views Plaintiffs' request as one for a decision on the merits granting permanent injunctive relief. Thus, the Court will schedule a hearing on Plaintiffs' request for injunctive relief.